```
                    UNITED STATES DISTRICT COURT

                        DISTRICT OF HAWAII
```

| ROBIN HALL, | CIV. NO. 21-00248 LEK-KJM |
|---|---|
| Plaintiff, | |
| vs. | |
| CITY AND COUNTY OF HONOLULU, CHRISTOPHER KOANUI, LEONARD LETOTO, DEBRA MAIOHO-POHINA, DOE OFFICER 1, DOE OFFICER 2, JOHN LEO CASTILLO, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF A RULE 54(B) FINAL JUDGMENT AGAINST CITY AND COUNTY OF HONOLULU, CHRISTOPHER KOANUI, DEBRA MAIOHO-POHINA, AND JOHN LEO CASTILLO**

Before the Court is Plaintiff Robin Hall's ("Plaintiff" or "Hall") Motion for Entry of a Rule 54(b) Final Judgment Against City and County of Honolulu, Christopher Koanui, Debra Maioho-Pohina, and John Leo Castillo ("Rule 54(b) Motion"), filed on April 8, 2025. [Dkt. no. 264.] On April 10, 2025, an entering order was issued informing the parties that this Court was inclined to grant the Rule 54(b). [Dkt. no. 265.]

On April 21, 2025, Defendants Debra Maioho-Pohina ("Maioho" or "Maioho-Pohina") and John Leo Castillo ("Castillo" and collectively "City Defendants") filed their objections to the inclination, and Defendant Christopher Koanui ("Koanui") filed an opposition to the Rule 54(b) Motion. [Dkt. nos. 267,

268.] Hall filed her reply on April 29, 2025. [Dkt. no. 269.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Hall's Rule 54(b) Motion is hereby granted for the reasons set forth below.

## BACKGROUND

**I.    The Instant Case**

Hall initiated this action on June 9, 2021. See Complaint for Declaratory and Injunctive Relief and Damages, filed 6/9/21 (dkt. no. 1) ("Complaint"). Hall filed her First Amended Complaint for Declaratory and Injunctive Relief and Damages on September 2, 2021. [Dkt. no. 27.] Hall filed her Second Amended Complaint for Declaratory and Injunctive Relief and Damages ("Second Amended Complaint") on October 28, 2021. [Dkt. no. 36.] This action arises from a June 10, 2019 incident between Hall and her boss, Defendant Leonard Letoto ("Letoto"), and the response by Koanui, who was employed by the Honolulu Police Department ("HPD"), to the 911 call that Hall made regarding the incident. See id. at ¶¶ 1-12. Maioho and Castillo – who are also HPD officers, the City and County of Honolulu ("the City") were also named as defendants in the Second Amended Complaint. See id. at ¶¶ 14, 17-18.

All of Hall's claims against the City and two of Hall's claims against Maioho in the Second Amended Complaint were dismissed without prejudice to the filing of a motion for leave to file a third amended complaint. See Order Granting in Part and Denying in Part Defendant City and County of Honolulu's and Defendant Debra Maioho-Pohina's Motions to Dismiss, filed 4/26/22 (dkt. no. 67) ("4/26/22 Order"), at 26-27.[1] Pursuant to the Ninth Circuit's decision on Maioho's interlocutory appeal from a portion of the 4/26/22 Order,[2] this Court dismissed Hall's equal protection claim against Maioho in the Second Amended Complaint without prejudice. See Order Dismissing, Without Prejudice, Plaintiff's Equal Protection Claim Against Defendant Debra Maioho-Pohina, filed 5/30/23 (dkt. no. 99) ("5/30/23 Order").[3]

While Maioho-Pohina's interlocutory appeal was pending, Hall sought leave to amend her complaint. See Motion for Leave to File Third Amended Complaint, filed 5/26/22 (dkt.

---

[1] The 4/26/22 Order is also available at 2022 WL 1229965.

[2] Maioho filed her notice of appeal on May 6, 2022. [Dkt. no. 71.] The appeal only involved the portion of the 4/26/22 Order that denied Maioho's motion to dismiss Hall's equal protection claim. The Ninth Circuit reversed, remanding the case with instructions to dismiss that claim. See generally Ninth Circuit Memorandum, filed 5/3/23 (dkt. no. 97), available at 2023 WL 3220909.

[3] The 5/30/23 Order is also available at 2023 WL 3728209.

no. 78) ("Motion for Leave"). The magistrate judge denied Hall's Motion for Leave as to the proposed claims against the City and granted the Motion for Leave as to the other proposed claims. [Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to File Third Amended Complaint, filed 6/6/23 (dkt. no. 102) ("6/6/23 Order").]

Hall filed her Third Amended Complaint for Declaratory and Injunctive Relief and Damages ("Third Amended Complaint") on June 20, 2023. [Dkt. no. 106.] The Third Amended Complaint alleged the following claims:

-a Title 42 United States Code Section 1983 claim against Koanui, Castillo, and Maioho (collectively "Officer Defendants"), alleging violations of Hall's First Amendment right to petition the government to seek redress of grievances ("Claim 1");

-a Section 1983 claim against the Officer Defendants, alleging retaliation in violation of Hall's First Amendment rights ("Claim 2");

-a Section 1983 claim against Koanui and Castillo, alleging false arrest and false imprisonment in violation of Hall's Fourth Amendment rights ("Claim 3");

-a Section 1983 claim against the Officer Defendants, alleging malicious abuse of process in violation of Hall's Fourteenth Amendment rights ("Claim 4");

-a Section 1983 claim against the Officer Defendants, alleging violations of Hall's Fourteenth Amendment equal protection rights ("Claim 5");

-a Section 1983 claim against the Officer Defendants and Letoto (all collectively "Defendants"), alleging conspiracy to interfere with Hall's civil rights ("Claim 6");

-an intentional infliction of emotional distress ("IIED") claim against Defendants ("Claim 10");

-a civil conspiracy claim against Defendants ("Claim 11"); and

-an assault and battery claim against Letoto ("Claim 12").

[Third Amended Complaint at pgs. 46-55, 62-63.] The Third Amended Complaint also alleged three claims against the City ("Claims 7, 8, and 9"), [id. at pgs. 55-62,] but those claims were not litigated because Hall's Motion for Leave was denied as to those proposed claims.

Hall's claims against Maioho in Claims 1, 3, and 5 were dismissed with prejudice, as was the portion of Claim 2 alleging a First Amendment retaliation claim against Maioho based upon the alleged arrest of Hall in Hall's residence before Maioho arrived. See Order Granting in Part and Denying in Part Defendants Debra Maioho-Pohina and John Leo Castillo's Motion to Dismiss Third Amended Complaint, filed 3/29/24 (dkt. no. 184) ("3/29/24 Order"), at 47.[4] In addition, Hall's claims against the City Defendants in Claim 4 were dismissed with prejudice. See 3/29/24 Order, 2024 WL 1348635, at *14.

Summary judgment was granted in favor of the City Defendants as to all remaining claims against them, and summary judgment was granted in favor of Koanui as to all of Hall's

---

[4] The 3/29/24 Order is also available at 2024 WL 1348635.

5

claims against him. See Order: Granting Defendants' Motions for Summary Judgment; Granting Defendants Debra Maioho-Pohina and John Leo Castillo's Joinder in Defendant Christopher Koanui's Motion; and Denying Plaintiff's Motion for Summary Judgment Against Christopher Koanui, filed 2/26/25 (dkt. no. 261) ("2/26/25 Order"), at 59.[5]

## II. Hall's Claims Against Letoto and the Rule 54(b) Motion

The only remaining claims in this case - Hall's state law claims against Letoto - are stayed as a result of Letoto's bankruptcy proceeding.[6] See Minute Order - EO: Order Vacating Trial Date and All Unexpired Deadlines and Administratively Closing the Case, filed 3/13/25 (dkt. no. 263), at PageID.3623. Hall filed an adversary complaint in Letoto's bankruptcy proceeding. See In re Letoto, Case No. 24-00710 (Bankr. D. Hawai`i), Adversary Complaint for Determination of Dischargeability and Objecting to Entry of Discharge Pursuant to 11 U.S.C. § 523(a)(6) ("Adversary Complaint"), filed 12/5/24 (dkt. no. 23).[7] The Adversary Complaint asserts: a claim under

---

[5] The 2/26/25 Order is also available at 2025 WL 623811.

[6] Hall also alleged a Section 1983 conspiracy claim against Letoto in Claim 6, but that claim failed as a matter of law because "Hall cannot establish an underlying constitutional violation to support her Section 1983 conspiracy claim." See 2/26/25 Order, 2025 WL 623811, at *19.

[7] The Adversary Complaint is also filed in Hall v. Letoto, Adv. Case No. 24-90018 (Bankr. D. Hawai`i), dkt. no. 1.

6

Title 11 United States Code Section 523(a)(6) based on Letoto's assault and/or battery of Hall; and a Section 523(a)(6) claim based on her IIED claim against Letoto. The Adversary Complaint does not assert a Section 523(a)(6) claim based on an alleged conspiracy. See Adversary Complaint at pgs. 9-11. In addition to the dischargeability issue, Hall asks the bankruptcy court to determine the amount of her assault and battery claim and her IIED claim. See id. at pg. 11, ¶ (2).

In the Rule 54(b) Motion, Hall argues that her claims against the City and the Officer Defendants are not intertwined with her claims against Letoto, and that there is no just cause to delay the entry of final judgment against the City and the Officer Defendants pursuant to Federal Rule of Civil Procedure 54(b). [Rule 54(b) Motion, Mem. in Supp. at 1.] Hall emphasizes that there is no conspiracy claim in the adversary proceeding because she did not object to the dischargeability of her civil conspiracy claim against Letoto. See Reply at 1.

## DISCUSSION

Federal Rule of Civil Procedure 54(b) states, in pertinent part:

> when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates . . . the rights and liabilities of

7

> fewer than all the parties does not end the
> action as to any of the claims or parties and may
> be revised at any time before the entry of a
> judgment adjudicating . . . all the parties'
> rights and liabilities.

This district court has stated:

> The Court employs a two-part framework for
> [Rule] 54(b) determinations. First, the Court
> must ascertain whether it is dealing with a final
> judgment. "It must be a 'judgment' in the sense
> that it is a decision upon a cognizable claim for
> relief, and it must be 'final' in the sense that
> it is 'an ultimate disposition of an individual
> claim entered in the course of a multiple claims
> action.'" Curtiss-Wright Corp. v. Gen. Elec. Co.,
> 446 U.S. 1, 7 (1980) (citation omitted); see Wood
> v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir.
> 2005). Next, the Court assesses "whether there is
> any just reason for delay." Curtiss-Wright, 446
> U.S. at 8; see Wood, 422 F.3d at 878. It is
> within the Court's sound discretion "to determine
> the 'appropriate time' when each final decision
> in a multiple claims action is ready for appeal."
> Curtiss-Wright, 446 U.S. at 8 (citation omitted);
> see Wood, 422 F.3d at 878.

United States ex rel. John A. Weber Co. v. Milcon Constr., CIVIL NO. 19-00637 JAO-WRP, 2021 WL 1723657, at *1 (D. Hawai`i Apr. 30, 2021).

### I.   Whether There Is a Final Judgment for Rule 54(b) Purposes

The 4/26/22 Order dismissed Hall's claims against the City without prejudice, but the dismissal became a final judgment against the City when the magistrate judge denied the Motion for Leave as to Hall's proposed claims against the City. Thus, the 4/26/22 Order is a final disposition of Hall's claims against the City.

All of Hall's claims against the Officer Defendants have either been dismissed with prejudice, or summary judgment was granted in the Officer Defendants' favor. The 3/29/24 Order and the 2/26/25 Order are therefore final dispositions of Hall's claims against the Officer Defendants.

The final judgment requirement of the Rule 54(b) analysis is satisfied as to the City and the Officer Defendants.

## II. **Whether There is Any Just Reason for Delay**

In determining whether there is any just reason to delay the entry of judgment,

> the Court must factor judicial administrative interests and the equities involved. See Curtiss-Wright, 446 U.S. at 8. [Rule] 54(b) judgments "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). The trial court is required to make "specific findings setting forth the reasons for its order." Id.
>
> District courts may "consider such factors as whether the adjudicated claims were separable from the others and whether the nature of the claim was such that no appellate court would have to decide the same issues more than once." Wood, 422 F.3d at 878 n.2. In the absence of any of these factors, certification is not necessarily improper, but "would require the district court 'to find a sufficiently important reason for nonetheless granting certification.'" Id. (quoting Curtiss-Wright, 446 U.S. at 8 & n.2). "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule,

9

>   and in such cases a Rule 54(b) order will be
>   proper only where necessary to avoid a harsh and
>   unjust result, documented by further and specific
>   findings." Morrison-Knudsen, 655 F.2d at 965.

John A. Weber Co., 2021 WL 1723657, at *2.

In the instant case, this Court ruled that Claim 6 - Hall's Section 1983 conspiracy claim against the Officer Defendants and Letoto - failed as a matter of law because Hall cannot establish an underlying constitutional violation to support the claim. See 2/26/25 Order, 2025 WL 623811, at *19. Although the portion of Claim 6 against Letoto was not addressed in the 2/26/25 Order, it fails for the same reason that the portion of Claim 6 against the Officer Defendants failed. Further, summary judgment was granted in favor of the Officer Defendants as to Claim 11, Hall's state law civil conspiracy claim. See id. at *21. To the extent that Hall could still pursue a civil conspiracy claim against Letoto, she chose not to object to the dischargeability of the civil conspiracy claim. See Reply at 1; see also Adversary Complaint at pgs. 9-11.

Because the alleged conspiracy between Letoto and the Officer Defendants is no longer at issue in either the instant case or the adversary proceeding in the bankruptcy court, Hall's remaining claims against Letoto are separable from the claims that Hall asserted against the City and the Officer Defendants. Hall's assault and battery claim against Letoto arises from his

conduct when he allegedly attempted to gain forcible entry into her residence. See Third Amended Complaint at ¶¶ 29-34, 246-47; Adversary Complaint at ¶¶ 17-24, 37-39. Hall's IIED claim against Letoto asserts that Letoto intentionally inflicted extreme emotional distress on Hall during the alleged assault and battery. See Third Amended Complaint at ¶¶ 238-40; Adversary Complaint at ¶¶ 42-44. In contrast, Hall's claims against the Officer Defendants arise from their response to Hall's 911 calls about the incident. See, e.g., Third Amended Complaint at ¶¶ 6, 12. Hall's claims against the City allege that the City's actions and omissions were responsible for the violation of Hall's constitution rights during HPD's response to Hall's 911 calls. See, e.g., id. at ¶¶ 8-11, 13.

Hall seeks a Rule 54(b) judgment so that she can pursue an immediate appeal regarding the rulings in the 4/26/22 Order, the 3/29/24 Order, and the 2/26/25 Order, rather than waiting until the bankruptcy stay in this case of Letoto's claims is lifted, her claims against Letoto is resolved and a final judgment as to all claims in this case is entered. See generally Rule 54(b) Motion, Mem. in Supp. at 7-10. The issues that would be addressed in an appeal from a Rule 54(b) judgment will likely involve issues such as whether Hall's constitutional rights were violated and whether the Officer Defendants are entitled to qualified immunity. These issues would not be

11

addressed if there is an appeal from the disposition of Hall's assault and battery claim and/or Hall's IIED claim against Letoto. Thus, no appellate court would be required to decide an issue that has already been considered by another appellate court.

In addition, this case was filed approximately four years ago, and the incident at issue in this case occurred approximately six years ago. See Complaint at ¶ 1. Maioho's interlocutory appeal from the 4/26/22 Order and Letoto's bankruptcy proceedings delayed the resolution of Hall's claims, and those delays were beyond Hall's control.

Under the circumstances of this case, "there is no just reason for delay," and a Rule 54(b) judgment against the City and the Officer Defendants is appropriate in this case.

## CONCLUSION

For the foregoing reasons, Hall's Motion for Entry of a Rule 54(b) Final Judgment Against City and County of Honolulu, Christopher Koanui, Debra Maioho-Pohina, and John Leo Castillo, filed April 8, 2025, is HEREBY GRANTED. The Clerk's Office is DIRECTED to enter judgment, pursuant to Federal Rule of Civil Procedure 54(b):

-in favor of the City, pursuant to the April 26, 2022 dismissal order, [dkt. no. 67,] and the June 6, 2023 order denying leave to amend, [dkt. no. 102];

12

-in favor of Maioho as to Claims 1, 3, and 5, and as to the portion of Claim 2 alleging a First Amendment retaliation claim against Maioho based upon the alleged arrest of Hall in Hall's residence before Maioho arrived, pursuant to the March 29, 2024 dismissal order, [dkt. no. 184];

-in favor of Maioho and Castillo as to Claim 4, pursuant to the March 29, 2024 dismissal order;

-in favor of Maioho-Pohina and Castillo, as to all other claims against them, pursuant to the February 26, 2025 summary judgment order, [dkt. no. 261]; and

-in favor of Koanui as to all claims against him, pursuant to the February 26, 2025 summary judgment order.

Hall's claims against Letoto remain subject to the automatic bankruptcy stay, and the case remains administratively closed. See Minute Order – EO: Order Vacating Trial Date and All Unexpired Deadlines and Administratively Closing the Case, filed 3/13/25 (dkt. no. 263).

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, May 8, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**ROBIN HALL VS. CITY AND COUNTY OF HONOLULU, ET AL; CV 21-00248 LEK-KJM; ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF A RULE 54(B) FINAL JUDGMENT AGAINST CITY AND COUNTY OF HONOLULU, CHRISTOPHER KOANUI, DEBRA MAIOHO-POHINA, AND JOHN LEO CASTILLO**